**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**WILLIE J. GILBERT**                                                           **PETITIONER**

**V.**                                                             **NO. 1:07CV136-P-D**

**LAWRENCE KELLEY, et al.**                                          **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Willie Gilbert ("Petitioner" or "Gilbert") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The parties have submitted their briefs along with exhibits and this matter is ripe for review.

*A. Factual and Procedural Background*

On July 13, 2003, Enoch Conrad Townsend died as a result of being shot in the chest with a high powered rifle. On August 19, 2004, Gilbert, the Petitioner, was found guilty by a jury of his peers of murdering Townsend. Gilbert was sentenced to life imprisonment. On March 29, 2005, Gilbert appealed his conviction and sentence to the Mississippi Supreme Court. Finding no error, the Mississippi Court of Appeals affirmed his conviction and sentence. *See Gilbert v. State*, 934 So.2d 330 (Miss. App. 2006). Gilbert filed a motion for rehearing which was denied on July 25, 2006. On August 16, 2007, Gilbert filed a motion for leave to petition for a writ of *certiorari* which was also denied on August 23, 2007. Gilbert never pursued post-conviction collateral relief through the Mississippi Supreme Court. Gilbert filed the instant petition on June 6, 2007, setting forth essentially six grounds for relief.

Ground One:        The trial court erred by not granting either a directed verdict at the close of all the evidence or a peremptory instruction and by not granting a judgment notwithstanding the verdict of the jury because the *Weathersby* rule applied.

Ground Two:        The trial court erred by not granting a *Weathersby* jury instruction.

| | |
|---|---|
| Ground Three: | The trial court erred by refusing to allow the admission of certain hearsay statements made by the decedent through the testimony of Floyd Calvin Williams. |
| Ground Four: | The court erred by finding that the State had not exercised its peremptory strikes in a pattern so as to exclude members of the race of the Petitioner and by finding that the reasons offered by the State were race neutral. |
| Ground Five: | The court improperly granted a jury instruction, requested by the State, regarding flight. |
| Ground Six: | The indictment upon which the Petitioner was tried and convicted was fatally defective because it did not properly allege an essential element of the crime of murder. |

*B. Limitations on Review*

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed. Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410 ,416 (5th Cir. 1995).

Petitioners must also meet state procedural requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the

bar of a procedural default, the petitioner must show "cause and prejudice" or a "fundamental miscarriage of justice." *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998). If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights.

*C. Discussion*

**Procedural Bar**

The claims presented by Gilbert in Grounds One through Six in the instant petition have, admittedly, never been presented to the State's highest court. Grounds One through Six of the instant petition were reviewed and denied by the Mississippi Court of Appeals in its April 4, 2006, opinion. Gilbert had the right to seek further review in the Mississippi Supreme Court, but he failed to do so. He did petition the Mississippi Court of Appeals for rehearing, and attempted to remedy his dilatory failure by seeking *certiorari* which was rejected by the State's highest court on August 23, 2007.

An appellant has no right for the Mississippi Supreme Court to review his case, but he certainly has the right to seek such review. *Harris v. State*, 704 So.2d 1286, 1288 (Miss. 1997), *abrogated on other grounds by Jackson v. State,* 732 So.2d 187 (Miss. 1999); *see also Cohen v. State,* 732 So.2d 867, 871 (Miss. 1999). In the instant case, Gilbert failed to file a timely petition for a writ of *certiorari* under M.R.A.P. 17(b).[1] As the petitioner did not seek discretionary review with the Mississippi Supreme Court, he has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(c); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *O'Sullivan v. Boerckel*,

---

[1] M.R.A.P. Rules 40 and 17(b) each set forth a fourteen day time period to file a motion for rehearing and to file for *certiorari* following a Court of Appeals decision.

526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d (1999). In addition, the petitioner cannot now exhaust Grounds One through Six of the instant petition because the time for filing a petition for *certiorari* review has expired. M.R.A.P. Rule 40 and M.R.A.P. 17(b). Thus, a return to state court would now be futile. Therefore, the Petitioner's claims in Grounds One through Six of the instant petition are procedurally barred under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice. *O'Sullivan*, 119 S. Ct. at 1734 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

The Petitioner has not shown "cause" under the "cause and prejudice" test necessary for the court to reach the merits of these claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims as a ground for relief in a petition for writ of *certiorari* in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). As the Petitioner has not shown "cause," the court need not consider whether the petitioner suffered actual prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Finally, dismissing this case on procedural grounds will not result in a "fundamental miscarriage of justice" because the Petitioner has not shown that "as a factual matter, [] he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Indeed, the Petitioner does not even argue that he is innocent of the crime. For these reasons, the instant petition for a writ of *habeas corpus* should be dismissed with prejudice as procedurally barred.

**Merits**

It must be remembered that failure to exhaust is not a jurisdictional or inflexible bar to the grant of federal habeas relief to a state prisoner. *Granberry v. Greer*, 481 U.S. 129, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996). Finally, the court notes that pursuant to 28 U.S.C. § 2254(b)(2), a claim may be denied on the merits despite the petitioner's failure to exhaust available state remedies. Finding the "administration of justice" to be better served by reaching the merits, *Granberry*, 481 U.S. at 1673, the court elects to address the claims.

## Standard for Meritorious Review

The federal courts do no function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S. Ct. 1558, n.21, 71 L. Ed. 2d 783 (1982).

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively

unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Ground One: Sufficiency of the Evidence

Gilbert's Ground One as stated includes several sub-arguments. As argued in his brief, however, the claim is clearly a challenge to the sufficiency of the evidence. Gilbert claims that because he and defense witnesses gave different accounts of the events which led to the shooting of Townsend, from that of the State's witnesses the verdict should be overturned. Petitioner specifically relies upon the testimony of State's witness Derrick Adams. Petitioner claims that Adams' credibility is suspect and his testimony was unreliable because Adams "had a grudge against" Gilbert.

In determining a sufficiency of the evidence claim, the court is to consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The Mississippi Court of Appeals considered and rejected Gilbert's challenge to the sufficiency of the evidence finding ample proof in the record to support the conviction. The Court reviewed Adams' testimony along with that of State's witnesses Dr. Hayne and Officer Long.

Just before the shooting, Adams testified that he heard Gilbert and the victim exchange words. Trial Tr. 97-98 (Aug. 18, 2004). When Adams looked out the door he saw Gilbert with the rifle standing over the victim who was seated. *Id.* at 103:18 -29 to 104:1-13. Adams explained that

6

he saw Gilbert point the rifle at Townsend. *Id.* Townsend then "eased" the rifle away and Gilbert stepped back and shot him. *Id.* and 125:14-28. Dr. Hayne testified that the trajectory of the bullet dispelled the Defendant's self-defense or accidental shooting theory. *Id.* at 138:11-29 to 141:1-7. Specifically, Dr. Hayne explained that the bullet indicated that the victim "was not in a fighting stance when" he was shot. *Id.* at 143: 9-29 to 144:1-19. Officer Long testified that when he arrived at the scene, the victim was lying on the ground near an overturned chair. *Id.* at 64:17-29 to 64:1-11, 66:1-27. Officer Long stated that the victim was still alive and told him that Gilbert shot him. *Id.* at 66:1-27.

The defense proffered testimony from three witnesses including Gilbert, Cory Fells and Floyd Calvin Williams. Both Cory and Calvin were present at the time of the shooting. Cory essentially testifies that even though he was close enough to get hit in the head contemporaneous to the shooting, he did not see who had the gun. *Id.* at 159:27-29 to 160:1-13, 169:6-29, 173:12-17. Calvin's testimony was substantially similar. Despite being in very close proximity to the victim and the shooter, Calvin maintained that he did not see who fired the fatal shot. *Id.* at 191:12-29. Calvin later clarified that Gilbert was holding the gun when it "went off." *Id.* at 192:1-3 and 193:4-128. Both Cory and Calvin explained that Gilbert was holding the gun and the victim pushed the gun away causing it to hit Cory in the head which in turn caused the gun to discharge. In other words, the shooting was accidental. Giblert's own testimony was consistent with Cory and Calvin's version of events. *Id.* at 218:3-29 to 219:1-18.

All of the arguments that Gilbert now makes were pointed out to the jury throughout the trial and in defense counsel's closing argument. It is the jury's responsibility to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

7

facts." *Jackson*, 443 U.S. at 319. Accordingly, a reviewing court should "not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 S. Ct. 853, 122 L. Ed. 2d 203 (1993). As detailed above, there was sufficient evidence in the record for a reasonable jury to convict Gilbert of murder. The Mississippi Court of Appeals' decision that there was sufficient evidence to support the conviction did not involve an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented at trial.

Ground Two: The *Weathersby* Rule

Gilbert claims that the court erred by failing to apply and instruct the jury regarding the *Weathersby* rule. The court proceeds but acknowledges that this is purely a creation and application of state law which provides no basis for federal habeas relief. *See West v. Johnson*, 92 F.3d 1385, 1404-05 (5th Cir. 1996). The *Weathersby* rule requires that the trial court direct a verdict of acquittal, where the defendant's version of events provides an absolute legal defense and if "the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge." *Weathersby v. State*, 165 Miss. 207, 147 So. 481, 482 (1933). In cases where the rule is not applicable the defendant is not entitled to a directed verdict. *Blanks v. State*, 547 So.2d 29, 33-34 (Miss. 1989).

Such is the case here where there were conflicting witness accounts and physical facts

8

contradicting the defendant's and his witnesses' version of events. Thus, the *Weathersby* rule was not applicable to Gilbert's case. The Mississippi Court of Appeals did not err when it held that *Weathersby* did not apply. Furthermore, since the determination of whether or not to apply *Weathersby* is a question of law, the trial court did not err by refusing to so instruct the jury. *See Green v. State*, 631 So.2d 167, 174 (Miss. 1986); *Fryou v. State*, 987 So.2d 461, 467-68 (Miss. App. 2008). Therefore, The Mississippi Court of Appeals' decision did not involve any application of clearly established federal law–much less an unreasonable application– and was not based on an unreasonable determination of the facts in light of the evidence presented at trial.

Ground Three: Hearsay Statements

Gilbert argues that the trial court erred by sustaining the State's hearsay objection to testimony from Floyd Calvin Williams. Gilbert claims that Calvin was going to explain that the argument Derrick Adams heard prior to the gun shot involved someone other than Gilbert.

A federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific constitutional right or renders the petitioner's trial fundamentally unfair." *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994) *cert. denied*, 513 U.S. 1163 (1995)). This very issue was addressed and denied by the Mississippi Court of Appeals. The court held that even if the ruling was in error, it was harmless because the "point that Townsend was the aggressor and was threatening Gilbert's life was made to the jury." *Gilbert*, 934 So.2d at 336. The court agrees. Gilbert, through other witnesses and his attorney, was able to make this point. In fact, Gilbert actually testified that Townsend initiated argument and it was Townsend whose actions were threatening. Trial Tr. 218:5-29, 224:5-17, 225:6-29, 228:12-29 to 229:1-6, 233:18-29 to 234:1-6. Even if

9

exclusion of the hearsay testimony from Calvin was error–which it was not–it was harmless and cured by other testimony and argument. Gilbert's trial was not rendered fundamentally unfair. Accordingly, the Mississippi Court of Appeals' decision did not run afoul any constitutional right due Gilbert.

Ground Four: The *Batson* Challenge

Gilbert argues that trial court committed error by denying his *Batson* challenge. There is a three step analysis to *Batson* challenges. First a defendant must present a *prima facie* case that the prosecution exercised its peremptory challenges on the basis of race. *Batson v. Kentucky*, 476 U.S. 79, 96-97, 106 S. Ct. 1712, 90 L. Ed. 2d 696 (1986). Second, if the defendant meets this initial burden, the burden shifts to the prosecutor to present a race-neutral reason for striking the jurors in question. *Id.* at 97-96. Finally, the court must determine whether the defendant has carried his burden of proving purposeful discrimination. *Id.* at 98; *Reed v. Quarterman*, __ F.3d __, 2009 WL 58903 at **3-11 (5th Cir. Jan. 12, 2009) (requiring a "comparative analysis" between the class of jurors which were excluded and those which were not). The reviewing court is to defer to the state trial court's credibility determination about the prosecutor's reason for exercising a peremptory strike. *Rice v. Collins*, 546 U.S. 333, 341-42, 126 S. Ct. 969, 976, 163 L. Ed. 2d 824 (2006).

During voir dire the State exercised its first peremptory strike against venireman number 24, a black man.[2] The State offered that venireman 24 appeared to be disinterested and even sleeping through the voir dire. Trial Tr. 41:7-29 to 42:1-25. Prospective juror 24 was excused over the Defendant's objection. The court also granted the defense a strike for the same reason–a sleeping venireman. *Id.* at 44:24-29 to 45:1-7. The defense also lodged a *Batson* challenge as to prospective

---

[2] Gilbert is also a black man.

10

jurors number 6 and number 12, both of whom were black females. *Id.* at 46:14-29 to 51:1-3. The State proffered that number 6 was excluded because she shared the same sir name as a substantial number of defendants the prosecutor had recently convicted. *Id.* at 47:7-24. The concern was that she may have been related to any one of the numerous defendants he has prosecuted. *Id.* The voir dire, however, should have belied his concerns. *Id.* at 12:2-28, 29:4-29. As for venire person number 12, the State cited the possibility that she would know some of the witnesses. *Id.* at 47:25-29 to 48:1-8. Reviewing the challenge, the court found that the defense had failed to meet its initial burden of demonstrating a pattern of discrimination against black jurors. *Id.* at 50:3-15. The court further noted that the State did tender two black members of the jury. *Id.* at 50:16-18. The Court of Appeals agreed finding no *prima facie* case of discrimination. *Gilbert*, 934 So.2d at 337.

Similarly, this court can find no error in the trial court's or appellate court's application of *Batson*. Even if the Defendant had met his initial burden by showing a pattern of discrimination, the prosecutor articulated race-neutral reasons were accepted by the judge. Thus, Gilbert must now contend with the presumption of correctness afforded those findings. *See* 28 U.S.C. § 2254(e)(1). Gilbert must rebut that presumption with clear and convincing evidence that the findings were unreasonable. *Rice*, 546 U.S. at 338-39. Gilbert, however, has done no more than recite the *Batson* objection as made by his attorney. This court, therefore, finds that the State courts committed no error of a constitutional nature by denying Gilbert's *Batson* challenge.

<u>Ground Five: The "Flight" Jury Instruction</u>

Gilbert claims that the trial court erred by granting the State's jury instruction regarding "flight." The crux of Giblert's argument is based upon state law which provides that it is error to give a flight instruction when the defendant is claiming self-defense. *See Tran v. State*, 681 So.2d

514, 519 (Miss. 1996). The instruction allowed the jury to consider the fact that Gilbert fled from the scene of the crime as probative of his guilt or innocence. As noted by the Court of Appeals, there was no objection contemporaneous with the proffered instruction. The issue was presented for the first time during direct review. The Mississippi Court of Appeals discussed the issue at length and found no error was committed. This court agrees.

Foremost, the constitution is not implicated by the trial court granting a jury instruction which encompasses state law. Generally, challenges to jury instructions may not form the basis for federal habeas relief. *Gilmore v. Taylor*, 508 U.S. 333, 342-43, 113 S. Ct. 2112, 2118-19, 124 L. Ed. 2d 306 (1983). A federal court may grant habeas relief only when the state court's jury instruction "by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368 (1973), not merely that the charge is "undesirable, erroneous, or even universally condemned." *Id.* at 146.

While flight alone is insufficient to support a guilty verdict, it is relevant and admissible, and the jury can take into account a defendant's flight. *United States v. Lopez*, 979 F.2d 1024, 1030 (5th Cir. 1992). The flight instruction given at the criminal trial was not erroneous even under Mississippi law. *See Shumpert v. State*, 935 So.2d 962, 970 (Miss. 2006). The instruction was given without objection and it was reasonable to do so.

Ground Six: The Indictment

Lastly, Gilbert asserts that the indictment was defective because it failed to set forth an essential element of the murder charge. An indictment is sufficient if it (1) contains the elements of the offense charged; (2) fairly informs a defendant of the charge against him; and (3) enables him to plead acquittal or conviction in bar of future prosecutions for the same offense. *United States v.*

12

*Hagmann*, 950 F.2d 175 (5th Cir. 1991). The validity of an indictment depends on "whether it conforms to minimal constitutional standards." *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984). A defective indictment is not a matter appropriate for federal habeas relief unless it can be shown that the indictment was "so fatally defective that under no circumstances could a valid conviction result from the facts provable under the indictment." *Johnson v. Puckett*, 930 F.2d 445, 447 (5th Cir. 1991). A defective indictment does not deprive a court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

Murder in this State is defined as "the killing of a human being without the authority of law . . . when done with deliberate design to effect the death of the person killed, or any human being." Miss. Code Ann. § 97-3-19(1)(a). The original indictment in the underlying criminal case charged:

> WILLIE J. "BROWNIE" GILBERT in [Lee] County, [Mississippi] on the 18th day of July, A.D., 2003, did wilfully, unlawfully and feloniously and with malice aforethought or deliberate kill and murder Enoch "Conrad" Townsend, a human being; contrary to [Miss. Code Ann. § 97-3-19] in such cases made and provided, and against the peace and dignity of the state of Mississippi.

At the close of the case, the State was allowed to amend the indictment to include the term "design" between the words "deliberate kill" so that the indictment as amended would read in part; "did wilfully, unlawfully and feloniously and with malice aforethought or deliberate *design* kill."

It cannot be seriously maintained that the original indictment–having the word "design" omitted"– was defective. Prior to the amendment, the indictment clearly set forth each element of the charge, informing the defendant that he was being charged with murder, and is plainly sufficient to enable a defendant to bar future prosecutions for the same crime. The Mississippi Court of Appeals stated the law clearly, "the original indictment only alleged 'malice and aforethought,' it was sufficient to charge the crime of murder by deliberate design . . . the Amendment was proper

13

as one for form, and since [malice aforethought and design] are synonymous, Gilbert was not prejudiced by the [amendment]." *Gilbert*, 934 So.2d at 343. There simply is no merit to Gilbert's assertion that the indictment was defective. Even if not amended, the indictment was constitutionally sound as originally drafted. This court finds no error.

### D. Conclusion

The court has concluded that the petition is procedurally barred from federal habeas review. Alternatively, the Grounds asserted by Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that Petitioner had a fair trial and a jury that returned a reasonable verdict based on competent evidence. Therefore, Petitioner's claims have no merit and his petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 2nd day of February, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE